# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DEANDRE L. GREEN,

    Plaintiff(s),

v.

NANCY A. BERRYHILL,

    Defendant(s).

Case No.: 2:17-cv-01339-APG-NJK

**ORDER**

Pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 16. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 19-20. Plaintiff filed a reply. Docket No. 21.

One of the primary disputes on appeal is whether the ALJ erred in rejecting the opinion of Dr. Nwapa that Plaintiff met or equaled Listing 12.04. A reason provided by the ALJ in doing so was the inconsistency between Dr. Nwapa's treatment notes and his ultimate opinions. A.R. 16. Both parties acknowledge that the treatment notes include evidence of symptom improvement. Docket No. 16 at 13; Docket No. 19 at 4-5; Docket No. 21 at 3. The crux of Plaintiff's position is that records showing "temporary good periods" are not inconsistent with Dr. Nwapa's ultimate opinion. Docket No. 31 at 3. The Commissioner's position is that the existence of such records is a permissible basis on which to reject Dr. Nwapa's opinion because notations such as "overall she is doing well" are inconsistent with Dr. Nwapa's ultimate findings. Docket No. 19 at 4-5.

Neither party has cited or discussed *Holohan v. Massanari*, in which the Ninth Circuit addressed a similar argument with respect to a determination of whether Listing 12.04 had been met. 246 F.3d 1195, 1203-05 (9th Cir. 2001). There, the Ninth Circuit held that inconsistent aspects of the doctor's own treatment record had to be "read in context of the overall diagnostic picture he draws." *Id.* at 1205. "That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Id.* The Ninth Circuit then concluded that the physician's treatment notes in that case, which provided "hopeful comments" about the claimant's limitations and indicated that the claimant was "doing better," were not inconsistent with the opinion that the claimant met the conditions in Listing 12.04. *Id.* at 1205, 1206.

Given that the parties' briefing implicates similar issues, the Court hereby **ORDERS** that they each file a supplemental brief explaining whether and how *Holohan* impacts the Court's decision regarding the ALJ's rejection of Dr. Nwapa's opinion on the basis of inconsistent treatment notes.[1] The briefs shall be no longer than five pages, and shall be filed by May 25, 2018.

IT IS SO ORDERED.

Dated: May 14, 2018

  Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court expresses no opinion herein as to whether or how *Holohan* applies in this case.