# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DEANDRE L. GREEN, | Case No.: 2:17-cv-01339-APG-NJK |
| Plaintiff(s), | **ORDER** |
| v. | |
| NANCY A. BERRYHILL, | |
| Defendant(s). | |

Pending before the Court is Plaintiff's Motion for Reversal and/or Remand, Docket No. 16, and the Commissioner's Cross-Motion to Affirm, Docket No. 19. The Court **SETS** a hearing on those motions for 2:00 p.m. on July 31, 2018, in Courtroom 3B.[1]

The Court will hear argument on the motions generally. Nonetheless, counsel shall be prepared to address the following specific issues:[2]

1. The ALJ asserts repeatedly that Plaintiff's course of treatment is conservative in nature. To that end, the ALJ asserts expressly that a prescription of Seroquel is conservative, A.R. 17, and that a prescription of Zyprexa is conservative, A.R. 15. Although Plaintiff

---

[1] The Court has a strong preference for the personal appearance by counsel. To the extent a telephonic appearance is sought, a motion requesting that relief must be filed by July 24, 2018. The Court expresses no opinion herein as to whether it will grant such request.

[2] The Court is outlining certain pertinent issues herein to ensure that counsel is properly prepared for the hearing. The Court is not expressing any opinion as to the merits of the arguments presented.

1

challenges the ALJ's characterization of her drug regimen as conservative, *see* Docket No. 16 at 15, neither party has provided well-developed argument on that issue nor cited any pertinent legal authority. Especially with respect to a prescription for Seroquel, there appears to be a well-developed body of law on whether such treatment can be properly characterized by an ALJ as conservative in nature. *See, e.g.*, *Johnson v. Colvin*, 2014 WL 2586886, at *5 (C.D. Cal. Mar. 18, 2014), *adopted* 2014 WL 2589777 (C.D. Cal. June 7, 2014) (Seroquel); *see also Gentry v. Colvin*, 2013 WL 6185170, at *12 (E.D. Cal. Nov. 26, 2013) (Zyprexa).[3] Counsel shall be prepared to discuss case law as to whether the ALJ erred in characterizing Plaintiff's drug regimen as conservative.

2. The ALJ finds a conservative course of treatment despite simultaneously recognizing that Plaintiff was psychiatrically hospitalized. *E.g.*, A.R. 18. Counsel shall be prepared to discuss case law as to whether the ALJ's characterization of Plaintiff's treatment as conservative fails in light of her hospitalizations. *E.g., Dessert v. Berryhill*, 2018 WL 3361146, at *3 (S.D. Cal. July 10, 2018); *Courneya v. Colvin*, 2013 WL 5988917, at *4 (E.D. Wash. Nov. 12, 2013).

3. The ALJ points to treatment records showing improvement by Plaintiff as a basis for denying benefits. *See, e.g.*, A.R. 17. Counsel shall be prepared to explain whether the ALJ's finding runs afoul of *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) and its progeny, *see, e.g.*, *Attmore v. Colvin*, 827 F.3d 872, 877-78 (9th Cir. 2016); *Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); *Ryan v. Comm'r of Social Security*, 528 F.3d 1194, 1200-01 (9th Cir. 2008).

---

[3] The ALJ also asserts more generally that Plaintiff was "conservatively treated with medications." A.R. 18. The medicines prescribed to Plaintiff changed somewhat over time, and during certain periods they included Geodon and Lithium. *See* A.R. 421. Counsel shall also be prepared to discuss case law within the Ninth Circuit as to whether such prescriptions can be characterized properly as "conservative" for purposes of social security benefits. *E.g.*, *Barrino v. Berryhill*, 2017 WL 977670, at *9 (E.D. Cal. Mar. 14, 2017) (quoting *Sandberg v. Comm'r of Soc. Sec. Admin.*, 2015 WL 2449745, at *6 (D. Or. May 22, 2015)) (Lithium); *Johnson*, 2014 WL 2586886, at *5 (Geodon).

2

4. The ALJ points to Plaintiff's daily activities as being inconsistent with disability. A.R. 16. Counsel shall be prepared to explain whether the ALJ's findings in this regard run afoul of the need to conduct a holistic review of the record that accounts for both periods of improvement and periods of greater limitation. *Ghanim*, 763 F.3d at 1162.

IT IS SO ORDERED.

Dated: July 19, 2018

                                             _____
                                             Nancy J. Koppe
                                             United States Magistrate Judge